UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

    Plaintiff,

    v.

CENTRAL INTELLIGENCE AGENCY,

    Defendant.

Civil Action No. 24-892 (JEB)

## MEMORANDUM OPINION AND ORDER

Plaintiff John Doe is an employee of the Central Intelligence Agency who took issue with its handling of the COVID-19 pandemic both by filing complaints internally and meeting with the House Permanent Select Committee on Intelligence. See ECF No. 1 (Compl.), ¶ 5. He later lodged a whistleblower-reprisal complaint alleging that he was retaliated against for taking those steps. Id., ¶¶ 5–6. After the agency resolved the complaint without any findings of reprisal, he elevated the matter to the Office of the Director of National Intelligence and — to aid in that appeal — filed a Freedom of Information Act request with the CIA in December 2023 for the "entire investigative file" related to his complaints. Id., ¶¶ 6–7. The CIA's failure to produce any responsive records to date is the basis for the present FOIA action. Id., ¶¶ 5–6.

Because this case arises from his "interactions with the Agency while he was serving as a covert agent" and because his wife is also currently employed there in a covert status, Plaintiff filed a Motion to proceed under a pseudonym and for leave to file his accompanying declaration under seal. See ECF No. 2 (Mot.) at 1. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a

pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I. Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

II.     Analysis

At this early stage, Plaintiff has met his burden to show that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity.

First, as the Complaint makes clear, Doe does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). Although this factor typically involves "intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors," In re Sealed Case, 971 F.3d at 327, the identity of an undercover intelligence officer is no less sensitive and personal. See, e.g., Doe v. Austin, 2024 WL 864197, at *3 (D.D.C. Feb. 29, 2024) (noting that the factors are "non-exhaustive" and "flexible" in reaching same conclusion). Although Plaintiff himself now works with the Agency in an overt role, his wife "still holds a covert position overseas" and lives with their minor child (who shares the same surname). See Mot. at 5. Plaintiff's primary concern is that revealing his name in connection with this suit could lead non-parties to uncover his wife and child's identities — which entails obvious risks to them in light of the former's work for the CIA. Doe, 2024 WL 864197, at *3 (noting possibility that revealing covert agent's identity "may draw the attention of hostile foreign actors" and result in "danger of retaliation, capture, ransom, abduction, or death"). That asserted justification is enough to steer this factor in Plaintiff's favor.

From these considerations, it follows that the second and third factors also counsel granting the Motion. The second, which concerns the "risk of retaliatory physical or mental harm" to Plaintiff and (more importantly) to "innocent non-parties" is present here because of the potential safety risk to Plaintiff's wife and child, who are both non-parties. See In re Sealed

3

Case, 971 F.3d at 326 (internal quotation marks and citation omitted).  Additionally, because Plaintiff once worked covertly for the Agency under a pseudonym, see Mot. at 5, as another court has noted under similar facts, revealing his identity "may endanger any persons [he] associated with in that role."  See Doe, 2024 WL 864197, at *3.  The third factor, too, is relevant insofar as the case implicates the privacy interests of his minor child.  See Mot. at 5.

With respect to the fourth, Plaintiff has sued only the CIA, and "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'"  J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2016)); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations").  Further, because Plaintiff alleges deficiencies in the CIA's compliance with FOIA solely with respect to his individual request, the case does not threaten to "alter the operation of public law" as applied to others so as to trigger a "heightened public interest" in his identity.  In re Sealed Case, 971 F.3d at 329.  The fourth factor, accordingly, supports his Motion.

As for the fifth, Defendant would suffer no "risk of unfairness" if the Motion were granted because it already knows his identity by virtue of his FOIA request.  See Mot. at 6; In re Sealed Case, 971 F.3d at 326 n.1 (this factor is "not implicated" where defendant knows plaintiff's identity).

Every factor, in short, favors permitting Plaintiff to proceed under a pseudonym for now.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym and Leave to File Accompanying Affidavit Under Seal is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action;

3. Plaintiff's [2-1] declaration shall remain under seal; and

4. Within fourteen days of this Order, Plaintiff shall file his Motion [2] on the public docket.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: March 29, 2024